UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 05-cv-00139-PSF-BNB

DOUGLAS BELL,

Plaintiff,

v.

COCA COLA ENTERPRISES, INC., a Delaware
Corporation,

Defendant.

---

## SUPPLEMENT TO FINAL REVISED PRETRIAL ORDER

---

The parties, by and through counsel, hereby supplement the Final Revised Pretrial Order as follows:

Defendant's Defenses:

For its defenses, Coca-Cola Enterprises Inc. ("CCE") asserts that the plaintiff's claims fail because the facts do not support the four causes of action and three of the claims are additionally barred by the applicable statutes of limitation. Specifically, with respect to the plaintiff's fraud claim, CCE asserts that none of its employees, including William Pitts, made misrepresentations to the plaintiff regarding the compensation at its Colorado Springs facility in general or what the plaintiff would earn (if he became employed) in particular. Regardless of this alleged misrepresentation, however, the plaintiff cannot prove the essential elements of his fraud claim. The facts will show that Mr. Pitts' alleged statement was not made with the intention to induce reliance. Mr. Pitts certainly did not misrepresent what the plaintiff could have earned in order to induce him to move from California to Colorado Springs and, in fact, had

absolutely no motivation for doing so. The open position at issue was that of a sideload driver. There were several qualified candidates, most of which were from the local area, that CCE could have hired to fill this position. If the plaintiff had not shown interest in the job, or had not accepted the job, then CCE could easily have offered the position to another, local candidate. There was nothing special about the open sideload driver position, or anything special about the plaintiff's background, that made him a unique candidate. In short, there was absolutely no reason for Mr. Pitts to falsify the compensation facts to the plaintiff so that he would leave California and move to Colorado Springs. Without proof that he falsified the compensation terms to induce reliance, then Mr. Pitts' alleged statement is not actionable.

The plaintiff's proof further fails on this essential element because he cannot establish that Mr. Pitt's compensation statement—that he would make $45,000—would have turned out to be false. The plaintiff only worked at the Colorado Springs facility for five months before voluntarily resigning for unrelated reasons. As a commissioned employee, the plaintiff may have very well made $45,000 had he stayed a full year. The plaintiff's assumption that he would not make this amount is pure speculation.

Even had the plaintiff not voluntarily resigned his position after five months, an intervening event would have prevented him from completing one full year of work to know whether he would have earned enough commissions to make $45,000. On April 29, 2003—ten months after he began work—the plaintiff was involved in an altercation with a man named Mark Denton. As a result of this physical altercation, the plaintiff became disabled to the point that he can no longer drive a delivery truck. Therefore, he could not have worked for a full twelve months to determine whether Mr. Pitts' promise of $45,000 would have come true.

The plaintiff's fraud claim also fails because he was not ignorant of the alleged false statement by Mr. Pitts. The proof will show that the plaintiff was told by two co-workers that he would not make near what he was making in California if he took the Colorado Springs job. Moreover, the plaintiff admitted that he knew that Mr. Pitts was exaggerating the compensation when he made the alleged statement. Therefore, the plaintiff knew that the alleged misrepresentation was false.

The plaintiff's fraud claim also fails because he did not justifiably rely on the alleged statement by Mr. Pitts. First, the proof shows that the plaintiff decided that he was moving to Colorado Springs, sold his house in California, resigned from his California job, and agreed to purchase a home in Colorado before he spoke with Mr. Pitts, before he was interviewed, before he took the mandatory drug test, and before he was offered the position at Colorado Springs. Second, the proof shows that the plaintiff knew that he had to pass a physical and a drug test before he could work with CCE. Nevertheless, the plaintiff decided to sell his California home and move to Colorado before he even took those tests.

With respect to the plaintiff's breach of contract claim, that claim is barred by the statute of limitations. Moreover, the plaintiff cannot prove that a contract between the parties existed (whether in fact or implied by law), that CCE breached any purported contract that was in existence, or that the plaintiff suffered any damages as a result of any alleged breach. If the plaintiff claims that the contract that was breached was the Collective Bargaining Agreement (CBA) that governed his employment at BCI Coca-Cola Bottling Company of Los Angeles, Inc., that claim likewise fails because it is barred by the statute of limitations. In addition, that CBA did not pertain to or govern CCE in general or the Colorado Springs facility in particular. Even if the CBA did govern the plaintiff's CCE working situation, the claim fails because the plaintiff

failed to follow the terms of that contract, meet conditions precedent, and to follow the grievance process. Moreover, any such breach of contract claim is barred and pre-empted by the National Labor Relations Act and the Labor Management Relations Act.

The plaintiff's negligence claims likewise fails. CCE did not breach any duty of care that it purportedly owed the plaintiff. CCE's actions with respect to the plaintiff were not the cause in fact or proximate cause of any damages allegedly incurred by the plaintiff. In addition, the plaintiff's negligence claim is barred by the statute of limitations.

The plaintiff's outrageous conduct claim also fails. This claim is barred by the statute of limitations. Moreover, the proof does not show that Mr. Pitts' alleged statement rises to the level of extreme conduct that is so dangerous in character and so extreme in degree that a reasonable member of the community would regard the making of the statement as astrocious, going beyond all possible bounds of decency and utterly intolerable in a civilized community. The alleged statement by Mr. Pitts would not arouse a reasonable person's resentment against CCE or lead that person to conclude that the making of the statement was extreme and outrageous. The plaintiff himself knew that the alleged statement by Mr. Pitts was, at worst, mere puffing.

The plaintiff's claims also fail because a superseding cause operates to preclude CCE's alleged actions from being the proximate cause of any injury allegedly suffered. First, the plaintiff voluntarily resigned from his position in November 2002—a mere five months after starting. Therefore, it is impossible for the plaintiff to know whether he would have earned, especially with a commissioned-based compensation structure, the amount purportedly told him by Mr. Pitts. Second, the plaintiff was involved in a physical altercation with an unrelated person, Mark Denton, in April 2003—after he had resigned and only ten months after he began work with CCE. By his own admission, the altercation resulted in injuries to the plaintiff that

prevent him from working ever again. These two events are superseding causes of the plaintiff's alleged damages and bar any recovery against CCE. CCE further asserts that there is a lack of causation between the alleged misrepresentations of CCE and the plaintiff's purported emotional injuries. Rather, all of the plaintiff's emotional injuries resulted from the plaintiff's physical altercation in April 2003.

The plaintiff also failed to mitigate his damages by seeking other employment. This failure to seek and obtain other employment operates to reduce any damages that may be attributed to CCE. In addition, the plaintiff's claim is barred by the doctrine of equitable estoppel as his conduct in moving to Colorado without any inducement, his voluntarily resigning, and his involvement in the altercation prevents him from claiming that his damages are the result of a lone statement by a CCE employee.

3. EXHIBITS

Plaintiff:

1.  pay stubs and checks re: Colorado Springs facility

    Pay Stubs and Check:

    Pay Period:

    08/10/02 – 08/23/02

    08/24/02 – 09/06/02

    09/07/02 – 09/20/02

    09/21/02 – 10/04/02

    10/05/02 – 10/18/02

    10/19/02 – 11/01/02

    11/02/02 – 11/15/02

    Pay Stubs:

        Pay period:

        06/08/02 – 06/14/02

        06/15/02 – 06/28/02

        06/29/02 – 07/12/02

        07/13/-2 – 07/26/02

        07/27/02 – 08/09/02

2.    pay stubs re: California facility

        Pay Period:

        02/18/02 – 02/24/02

        04/15/02 – 04/21/02

        05/06/02 – 05/12/02

        05/13/02 – 05/19/02

        05/28/02 – 06/02/02

3.    papers re: sale of California residence, Bates Nos. 127-129

4.    papers re: purchase of Colorado residence, Bates Nos. 125-126

5.    receipt Penske Truck Leasing

6.    Colorado Springs Employee Benefits manual, Bates Nos. 1-45

7.    Coca Cola Policies & Practices, Bates Nos. 46-71

8.    Coca Cola Antitrust Compliance Policy 1993, Bates Nos. 72-83

9.    California Union Agreement, Bates Nos. 84-121

10.   November 12, 2002 letter fm Paxton

11.   February 14, 2003 letter fm McNeal, Bates Nos. 122-124

12.   2000 tax returns, Bates Nos. 130-151

13. 2001 tax returns, Bates Nos. 152-173

14. 2002 tax returns, Bates Nos. 174-199

15. Present appraisal and/or market analysis of Plaintiff's former California residence, Bates Nos. 200-204

Defendant:

1. Exhibits identified by the plaintiff;

2. Plaintiff's personnel file, Bates Nos. CCE0001-0408.

3. Plaintiff's deposition, Bates Nos. CCE0409-0564.

4. Plaintiff's settlement statement from the sale of his California house, Bates Nos. CCE0565.

5. Plaintiff's real estate contract from the purchase of his Colorado house, Bates Nos. CCE000566-566M

6. Plaintiff's rental agreement between the plaintiff and Penske Truck Leasing, Bates Nos. CCE00567.

7. Payroll records from plaintiff's employment with BCI Coca-Cola Bottling Company of Los Angeles, Inc., Bates Nos. CCE0569-0576.

8. Plaintiff's disciplinary records, Bates Nos. CCE0577-0584, and 0593-0597.

9. Plaintiff's payroll records from CCE, Bates Nos. CCE0585-0592.

10. Transcripts of plaintiff's voicemail messages left with CCE employees, Bates Nos. CCE0598-0604.

11. Plaintiff's criminal records, Bates Nos. CCE0605-0642.

12. Pleadings from other litigation involving the plaintiff, including his divorce action and his civil action against Mark Denton, TO BE FURNISHED.

13. All exhibits to plaintiff's deposition, Bates Nos. CCE00644-0688.

14. Plaintiff's nomination form, Bates Nos. CCE0689-0690.

15. Plaintiff's Notice of Resignation submitted to BCI Coca-Cola Bottling Company of Los Angeles, Inc., Bates Nos. CCE0691.

16. Plaintiff's personnel file from BCI Coca-Cola Bottling Company of Los Angeles, Inc., including disciplinary incidents, Bates Nos. CCE0692-0821.

17. W-2 Forms for the plaintiff, Bates Nos. CCE0822.

18. Job description for Sideload Delivery Driver, Colorado Springs facility, Bates Nos. CCE0823.

19. Incident log for the plaintiff at Colorado Springs, Bates Nos. CCE0824.

20. Counseling forms relating to disciplinary incidents at Colorado Springs facility, Bates Nos. CCE00577-580.

21. November 12, 2002 letter from CCE to plaintiff documenting resignation, Bates Nos. CCE0825-0827.

22. Plaintiff's written statement submitted to CCE on December 12, 2002, Bates Nos. CCE0828-0833.

23. Letter from Angela Fletcher McNeal to plaintiff dated February 14, 2003, Bates Nos. CCE0834-0836.

24. Employee Status Notice pertaining to plaintiff from BCI Coca-Cola Bottling Company of Los Angeles, Inc., Bates Nos. CCE0837-0843.

25. Collective Bargaining Agreement between union and BCI Coca-Cola Bottling Company of Los Angeles, Inc., Bates Nos. CCE0844-0875.

BY THE COURT:

_____ 3/2/06
United States Magistrate Judge


s/Dennis J. Sladek
_____
Dennis J. Sladek
405 S. Cascade, Suite 105
Colorado Springs, CO 80903
Ph: (719) 632-4478
Fax: (719) 599-8339
Email: theonegreenman@msn.com
Attorney for Plaintiff


s/E. Todd Presnell
_____
E. Todd Presnell
MILLER & MARTIN PLLC
1200 One Nashville Place
150 Fourth Avenue North
Nashville, Tennessee  372197
(615) 244-9270

Heather F. Vickles
SHERMAN & HOWARD L.L.C.
D.C. Box 12
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
(303) 299-8194

Attorneys for Defendant